For defendant: Clifford Whipple.

---

State of Rhode Island  
vs.    }Eq.No.2141  
Ernest Coggeshall et al.  
RESCRIPT  
February 1, 1927

CARPENTER, J. This is a complaint brought by the State of Rhode Island against the respondents to enjoin them from maintaining a fish trap in the navigable waters of the State of Rhode Island near Newport. The location of said fish trap appears upon a plan made a part of and attached to the bill of complaint.

The complainants contends that the maintenance of the fish trap of the respondents in the place where they desire to maintain it, or where it is maintained, is a public nuisance, and it relies upon the provisions of Section 13 of Chapter 149 of the General Laws to substantiate its allegation and contention, which section reads as follows: "Every erection made into or encroachment upon the public tide waters of the State, not authorized by the General Assembly or by the Harbor Commissioners, shall be deemed to be a public nuisance and shall be prosecuted as such by the Attorney General."

It appeared by the evidence that the fish trap in question, as a fact, is not a public nuisance and is not a menace or obstruction to navigation, as there are other fish traps around and outside the fish trap of the respondents, and Mr. Lawton, one of the Harbor Commissioners, testified that fish traps had been maintained in the location of the respondents' fish trap for many years.

The question for the Court to decide is whether or not Section 13, as quoted, applies to the fish trap of the respondents, and the Court is of the opinion that said section has no application to the present matter, and that said section can not be relied upon by the complainant to substantiate its claim, for the following reasons:

1. Section 17 of the Constitution of Rhode Island reads as follows: "The people shall continue to enjoy and freely exercise the rights of fishery and the privileges of the shore to which they have been heretofore entitled under the Charter and usages of this State," etc.

There is no question but that the General Assembly may regulate and govern the manner in which the people shall enjoy this right of fishery, but until the General Assembly has seen fit to do so, there is no restriction upon the rights of the people to fish at the place in question, and there is no restriction upon the rights of the people to set fish traps off the shores of this State. The Court can find no place where the General Assembly has seen fit to regulate fishing, except so far as it is regulated under Chapters 231, 235, 236, 238 and 240 of the General Laws. Perhaps there may be other chapters regulating this, but nowhere has the Court been able to find where the locating of fish traps off the shores of Rhode Island has been regulated by the General Assembly, or the right of the people to do the same been interfered with. Therefore, the right of the respondents to set a fish trap at the place in question is authorized, because it seems to the Court that if the General Assembly has not seen fit to forbid the setting of traps in the place mentioned in the bill of complaint, it has impliedly authorized the setting of them. Consequently Section 13 does not apply.

2. If it can be argued that the erection of the fish trap of the respondents is not authorized by the General Assembly or by the Harbor Commissioners, the Court feels constrained to hold that the erection of the fish trap as set out in the complainant's bill was never intended to come within the provisions of Chapter 149, and was never intended to be deemed to be a public nuisance under Section 13.

Complainant's petition for a preliminary injunction is denied.

For Complainant: Harold Staples.
For Respondents: Moore & Curry.